THE STATE OF OHIO, APPELLANT, *v.* LYLES, APPELLEE.

[Cite as State *v.* Lyles (1989), 42 Ohio St. 3d 98.]

(No. 88-29—Submitted February 14, 1989—Decided April 26, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *L. Susan Laker* and *Patrick Dinkelacker,* for appellant.

*Randall M. Dana,* public defender, *George A. Lyons* and *Joseph N. Rosenthal,* for appellee.

WRIGHT, J.   The principal issue before us is whether the admission of the disputed evidence was an abuse of discretion.

Evid. R. 401 defines "relevant evidence" as that which has "* * * any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Generally speaking, the question of whether evidence is relevant is ordinarily not one of law but rather one which the trial court can resolve based on common experience and logic. Moreover, "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State* v. *Sage* (1987), 31 Ohio St. 3d 173, 31 OBR 375, 510 N.E. 2d 343, paragraph two of the syllabus. Where error in the admission of evidence is alleged, this court has held that " '* * * unless * * * [the trial court] has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere.' " *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 265, 15 OBR 379, 401, 473 N.E. 2d 768, 791 (quot-

ing *State* v. *Hymore* [1967], 9 Ohio St. 2d 122, 128, 38 O.O. 2d 298, 302, 224 N.E. 2d 126, 130, certiorari denied [1968], 390 U.S. 1024).

The trial court apparently concluded that the presence of the contraband seized had some probative value as to the likelihood of a sale having taken place at this residence, despite the two-hour time lag between the observed sale and the search. As the court specifically stated, the contraband was "circumstantial evidence to the fact that the man in that apartment was dealing in marijuana[.]" Granted, it could be argued with some validity that certain of the items, namely, a vial with cocaine residue, a small mirror, a straw and a razor blade, might have been irrelevant to the sale of the particular drug charged in the indictment. However, we certainly cannot conclude that the admission of the items related to marijuana was erroneous.

Even were we to conclude that some of the items seized were erroneously admitted, any such error would clearly have been harmless beyond a reasonable doubt. "Where evidence has been improperly admitted * * *, the admission is harmless 'beyond a reasonable doubt' if the remaining evidence alone comprises 'overwhelming' proof of defendant's guilt. *Harrington* v. *California* (1969), 395 U.S. 250, 254." *State* v. *Williams* (1983), 6 Ohio St. 3d 281, 290, 6 OBR 345, 353, 452 N.E. 2d 1323, 1333, certiorari denied (1983), 464 U.S. 1020. Here there appears to be solid and highly persuasive evidence that Lyles did in fact sell marijuana to the informant. The officer on whose testimony the state principally relied indicated that he had an excellent opportunity to observe the entire transaction, including specifically the facial characteristics of Lyles. Thus, "[i]t cannot be said that without * * * [the disputed] evidence the verdict of the jury would have been different." *Sage, supra,* at 181-182, 31 OBR at 382, 510 N.E. 2d at 349.

We feel a judgment call of this nature should be left within the sound discretion of the trial court. We find no abuse of discretion, as we cannot say that the trial court's ruling here was unreasonable, arbitrary or unconscionable. See *Maurer, supra,* at 253, 15 OBR at 391, 473 N.E. 2d at 782. Moreover, in light of the other evidence of the sale and of Lyles' participation therein, we do not believe that the admission of the drug paraphernalia seized from his apartment was materially prejudicial. Accordingly, we reverse this case and reinstate the judgment of the trial court.

*Judgment accordingly.*

MOYER, C.J., HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

SWEENEY, J., dissents.

SWEENEY, J., dissenting. Since I believe that the trial court abused its discretion in admitting the various items of paraphernalia seized in the search in issue, I must respectfully dissent from the majority opinion herein.

Generally, I am inclined to accord the trial judge the benefit of the doubt with regard to admissibility of certain items of evidence. However, I find the majority's conclusion that any error in the admission of some of the items would have been harmless in any event does not square with the facts.

While, admittedly, the items of paraphernalia tend to indicate that drugs may have been used in defendant's dwelling, they hardly form the foundation for a finding that a drug sale took place. In my view, these items of paraphernalia are no more

relevant to prove a marijuana sale than the possession of Car and Driver magazines would be to prove auto theft. Use of a drug does not make one a trafficker any more than imbibing liquor made one a bootlegger during the Prohibition Era. Clearly, the items of paraphernalia accomplished the very purpose for which I believe they were intended, *i.e.,* to inflame the jury to convict because no direct evidence of the alleged offense exists.

Once the items of paraphernalia are excluded, it is clear that the state's case is not supported by "solid evidence" as the majority states. In my view, the testimony of the officer is both sketchy and inconclusive. In fact, the one crucial piece of evidence that could have supported a conviction was never, and apparently to this day, has never been recovered, *i.e.,* the marked bills that the officer gave the informant to make the purchase. Curiously, the majority glosses over this significant aspect of the case with barely a mention.

While this case may be character-ized as a "nickel and dime" drug bust, I feel that the majority must be more vigilant in considering the consequences of a trafficking conviction that is based wholly upon irrelevant evidence.

Even assuming, *arguendo,* that the items of paraphernalia were relevant, Evid. R. 403(A) mandates exclusion since the probative value of such items was substantially outweighed by the prejudice that admission would engender. In addition, the items of paraphernalia confused the issues and misled the jury, since they merely showed that defendant used drugs as opposed to selling them.

Accordingly, since the items of paraphernalia were irrelevant to support a drug trafficking allegation, the trial court acted unreasonably and, hence, abused its discretion in admitting such items of evidence. See *State v. Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169, 404 N.E. 2d 144. Therefore, I would affirm the decision of the court of appeals.