OPINION
Defendant Jesse Morales appeals a judgment of the Court of Common Pleas of Holmes County, Ohio, which convicted and sentenced him for one count of trafficking in cocaine in violation of R.C. 2925.03, with a specification that the offense was committed in the vicinity of a juvenile. Appellant assigns six errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY A SEARCH WARRANT WHICH WAS ISSUED UPON LESS THAN PROBABLE CAUSE AND BECAUSE IT WAS OVERLY BROAD.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OBTAINED BY A CONFIDENTIAL INFORMANT IN A "BUY/BUST OPERATION BECAUSE THE VEHICLE THE CONFIDENTIAL INFORMANT DROVE TO APPELLANT'S HOUSE WAS NOT SEARCHED PRIOR TO THE TRANSACTION AND BECAUSE THE PERSON OF THE INFORMANT WAS NOT SUFFICIENTLY SEARCHED PRIOR TO THE SAME.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE ITEMS OF PURPORTED PARAPHERNALIA THAT WERE NEVER TESTED FOR NARCOTICS TO RELATE THEM TO THE DRUG TRANSACTION.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE TESTIMONY AND EXHIBITS RELATED TO MARIJUANA AS THERE WAS NO INDICTMENT OR LESSER INCLUDE OFFENSE RELATED TO MARIJUANA.
ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ERRED IN REFUSING TO RELEASE A VEHICLE WRONGFULLY SEIZED AT THE RESIDENCE BECAUSE THERE WAS NO PROVISION IN THE SEARCH WARRANT FOR SEIZURE OF THE SAME AND BECAUSE IT WAS NOT SEARCHED BEFORE SEIZURE.
ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT ERRED BY REFUSING TO RULE UPON APPELLANT'S MOTION TO SET ASIDE MANDATORY FINE FOR LACK OF JURISDICTION.
At trial, the State presented evidence appellant sold cocaine to a confidential informant in a controlled buy, from his home in the vicinity of his children, age 7 and 13 at the time.
 I
In his first assignment of error, appellant argues the trial court erred in overruling his motion to suppress evidence gathered at the scene because the search warrant was not based upon probable cause and was overly broad as drawn up. Specifically, appellant argues the detective sergeant who signed the affidavit for the warrant had not included the allegation that the informant was credible and reliable nor is there an allegation drugs would be found in the farmhouse. Rather, the affidavit indicates presence of contraband in the guest house and the barn, but the premises to be search were described as a farm house, guest house, barn, and out buildings and vehicles.
Appellant's motion to suppress evidence was filed on February 27, 2001. The grounds stated that the affidavit was based upon false information, fabrications, and lies of an unreliable confidential informant, and the affiant knew or should have known they were false.
Pursuant to Crim. R. 12 (H), if the defendant fails to raise defenses or objections, or make requests that must be made prior to trial this constitutes a waiver of those defenses or objections. In State v. Wade
(1978), 53 Ohio St.2d 182, the Supreme Court held that failure to move within the time specified by the Criminal Rules for the suppression of evidence on the basis of its illegal attainment constitutes a waiver of the error, Wade, syllabus by the court, paragraph three.
The trial court held a hearing on the motion to suppress, wherein it took testimony from various law enforcement officers and the confidential informant.
After the hearing, the court granted leave for the parties to submit post-hearing briefs. On April 26, 2001, the trial court journalized its entry overruling the motion to suppress, citing the reasons stated by the State in its closing argument in response to the motion to suppress evidence. Those reasons include that there was no evidence the affiant lied to the judge who issued the search warrant, nor is there any suggestion the information in the affidavit in support of the application for the search warrant was false. The court concluded from all the facts and circumstances, the issuing judge could reasonably conclude there was a fair probability that contraband or evidence of a crime would be found in a particular place. The court further found the warrant listed the suspected contraband and/or evidence, described in particular where it could be found, and granted authority based upon probable cause to search and seize. The officers at the scene did not search or seize beyond the scope of the warrant.
We have reviewed the record, and we find our review must be restricted to the grounds stated in the motion to suppress. We further find the trial court was correct in finding the affiant did not knowingly or negligently misrepresent the facts in the affidavit in support of the application for the warrant, and that it was based on probable cause.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the testimony at trial demonstrated law enforcement officers failed to search the confidential informant prior to the controlled drug buy, and thus, the source of the evidence found on the premises was in doubt.
The State points out appellant filed no motion in limine regarding the exhibits to which appellant now objects. At trial, the State introduced the exhibits into evidence and established the chain of custody from appellant's home to the court. At the close of the State's evidence, appellant objected to the State's motion to admit Exhibits "2" and "20", the bags of cocaine, arguing the State had not presented any evidence appellant ever had any control over the items. The court found, however, the objection goes to the weight of the evidence, not the admissibility.
A trial court has broad discretion to determine whether to admit or exclude evidence, and this court may not reverse its decision absent an abuse of discretion, see State v. Lyles (1989), 42 Ohio St.3d 98. The Supreme Court has frequently defined the term abuse of discretion as demonstrating the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g. State v. Adams (1980), 62 Ohio St.2d 151 at 157.
Our review of the record leads us to conclude the trial court did not abuse its discretion in admitting the contested exhibit. Accordingly, the second assignment of error is overruled.
 III IV
In his third assignment of error, appellant argues the court erred by admitting into evidence certain paraphernalia which the State had never tested for residue of narcotics. The items to which appellant alludes are, inter alia, hemostats, vials, tubes, needles, a mug, "roach clips", and bongs. Appellant urges this sort of evidence is frequently found in households and on farms, and should have been tested for residue. The various items to which appellant refers were identified at trial as being paraphernalia used for smoking marijuana. Appellant argues he was not charged with an offense involving marijuana, so even if the State had proven these materials were tainted with marijuana residue, they should not have been admitted.
At trial, appellant objected to the admission of this evidence, arguing the evidence was irrelevant to the case. In response, the State argued this evidence is circumstantial evidence that the appellant used this place for the sale of drugs. The State urged the court to admit the evidence as relevant, and let the jury decide what weight to give the evidence.
Appellant also objected on the basis some of the items had other purposes besides for drug use. The court found that also went to weight, not admissibility of evidence.
The State points out appellant conceded he might be a marijuana dealer, but not a cocaine dealer as charged in the indictment. Further, the State introduced this evidence to rebut appellant's suggestion, raised in the motion to suppress, that the drugs seized from his home had been planted there by a confidential informant. Finally, the State points out the indictment contained a specification that the sale took place in the vicinity of a juvenile, so it was relevant to the case for the State to demonstrate the drug operation involved a large part of the property.
We have reviewed the evidence, and we find the trial court did not err or abuse its discretion in admitting its exhibits.
The third and fourth assignments of error are overruled.
 V
In his fifth assignment of error, appellant argues the court erred in refusing to release a vehicle he alleges was wrongfully seized at the scene during the execution of the search warrant. The search warrant itself contained no order to seize the automobile, which belonged to appellant's wife.
Originally, the vehicle was taken into evidence as potential physical evidence of a crime, but the State later changed the vehicle's status from evidentiary to contraband, and filed a notice to seize pursuant to R.C. 2933.43.
The trial court held a hearing, at which both appellant and Laurel Morales, the record owner of the vehicle, appeared and testified. One of the investigative officers testified it was obvious from the position of the car, its warmth, and the shadowing in the snow fall on the other vehicles at the property, that this was the only vehicle appellant could have driven on the day in question. The court concluded appellant had failed to rebut the State's allegation that the vehicle had been used to transport contraband.
We have reviewed the record, and it appears the court complied with the statutory procedure for criminal forfeiture.
The fifth assignment of error is overruled.
 VI
In his sixth assignment of error, appellant argues the court incorrectly overruled his motion to set aside the mandatory fine, finding lack of jurisdiction. Appellant was sentenced on May 29, 2001, and filed his notice of appeal on June 21, 2001. Appellant, acting pro se, filed a motion to set aside his drug fines on July 6, 2001. The court found the filing of the notice of appeal divested it of jurisdiction to entertain this post-judgment motion. We find the trial court was correct in finding it lacked jurisdiction to rule on this motion, because of the notice of appeal filed on the merits of the case. Accordingly, the sixth assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed, and the matter is remanded to the court for the limited purpose of reviewing and ruling on appellant's post-trial motion.
Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur.