DECISION.
Plaintiffs-appellants, Verldene and David Hofmeier, filed a complaint against defendants-appellants, Cincinnati Institute of Plastic and Reconstructive Surgery, Inc., and Peter J. McKenna, M.D. (collectively "McKenna"). The complaint alleged medical malpractice and the failure to obtain informed consent relating to a liposuction McKenna performed on Verldene Hofmeier. A jury returned a verdict finding that McKenna was not negligent and that he did not "fail to allow the Plaintiff, Verldene Hofmeier, to give informed consent." The trial court entered judgment in favor of McKenna based on the jury's verdict, and this appeal followed.
The Hofmeiers present four assignments of error for review. In their first assignment of error, they contend that the trial court erred in allowing the testimony of McKenna's expert, John Kitzmiller, M.D. They contend that Kitzmiller had based the opinion expressed in his discovery deposition on a slim set of medical records, but that he had based his trial testimony on an entire set of medical records, containing much more information than he had reviewed for his deposition. The Hofmeiers argue that they were prejudiced because their counsel was not notified that Kitzmiller had reviewed the additional material and that he would back away from opinions he had given during his deposition. This assignment of error is not well taken.
The decision whether to admit or exclude relevant evidence lies within the discretion of the trial court. An appellate court will not reverse that decision absent an abuse of discretion and a showing of material prejudice. See Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66,567 N.E.2d 1291, 1298-1299; Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,271, 569 N.E.2d 1056, 1958; Diekman v. Murray (Oct. 12, 2001), Hamilton App. No. C-000467, unreported.
Similarly, the trial court has broad discretion in imposing discovery sanctions, and a reviewing court will reverse those rulings only upon a showing of an abuse of discretion. See Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 662 N.E.2d 1, syllabus. Civ.R. 26(E) requires each party to seasonably supplement the subject matter of its expert's expected testimony. However, this rule does not require a party to give notice as to every nuance of an expert's opinion. See Tritt v. Judd'sMoving Storage, Inc. (1990), 62 Ohio App.3d 206, 211, 574 N.E.2d 1178,1182; Faulk v. Intl. Business Machines Corp. (Sept. 7, 2001), Hamilton App. Nos. C-000765 and C-000778, unreported.
Excluding an expert's testimony is an appropriate sanction for a violation of Civ.R. 26(E). See Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 84-85, 482 N.E.2d 1248, 1250; Tritt, supra, at 211,574 N.E.2d at 1182. Nevertheless, the decision whether to exclude the testimony lies within the court's discretion. See Savage v. CorrelatedHealth Services, Ltd. (1992), 64 Ohio St.3d 42, 47, 591 N.E.2d 1216,1219-1220; Faulk, supra. The key element of the analysis is the existence of prejudice resulting from the noncompliance. See Huffman, supra, at 85, 482 N.E.2d at 1250; Parker v. I F Insulation Co., Inc. (Mar. 27, 1998), Hamilton App. No. C-960602, unreported.
This case did not involve a situation where a party was completely surprised by an expert's testimony at trial or where the subject matter of the expert's testimony was revealed for the first time at trial and the opposing party had no reason to anticipate it. See Faulk, supra;Fetters v. St. Francis/St. George Hosp., Inc. (Mar. 17, 2000), Hamilton App. C-990410, unreported. The main subject matter of Dr. Kitzmiller's testimony never changed. Further, the Hofmeiers possessed all of the information that he had reviewed between his deposition and trial, and they had ample opportunity to cross-examine him about the new information.
The only instance of alleged prejudice the Hofmeiers raise is related to the use of the anesthetic drug Marcaine. In his deposition, Dr. Kitzmiller testified that the use of Marcaine, as opposed to another drug, was a violation of "my standard of care." At trial, he testified that he had researched the issue and had concluded that a surgeon could validly use Marcaine and that its use would not be a violation of the standard of care. However, none of Verldene Hofmeier's injuries was related to the use of Marcaine. It was a tangential issue, unrelated to the main issues presented in the case. Consequently, Dr. Kitzmiller's change of opinion on this issue did not prejudice the Hofmeiers.
Under the circumstances, we cannot conclude that the trial court's failure to exclude Dr. Kitzmiller's testimony was so arbitrary, capricious or unconscionable as to connote an abuse of discretion. SeeRigby, supra, at 271, 569 N.E.2d at 1058; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140, 1142. Accordingly, we overrule the Hofmeiers' first assignment of error.
In their second assignment of error, the Hofmeiers contend that the trial court erred in not allowing their counsel to obtain during cross-examination a concession from McKenna's expert that their theory of the mechanism of injury was a possibility. They argue that an expert may testify in terms of possibility, not just probability, and that the issue is a matter of weight and not admissibility. This assignment of error is not well taken.
The Ohio Supreme Court has held in criminal cases that, on issues of causation, an expert may testify as to a possibility rather than a probability and that the issue is one of "sufficiency and not admissibility." State v. Jones (2000), 90 Ohio St.3d 403, 416,739 N.E.2d 300, 315; State v. D'Ambrosio (1993), 67 Ohio St.3d 185, 191,616 N.E.2d 909, 915. However, the supreme court has only applied that rule in criminal cases. This court has specifically stated that, in civil cases, the rule set forth in Stinson v. England (1994), 69 Ohio St.3d 451,633 N.E.2d 532, applies. See Lay v. Wilson (May 29, 1996), Hamilton App. No. C-950561, unreported. See, also, Wissing v. D.F. Electronics, Inc. (Sept. 26, 1997), Hamilton App. No. C-950915, unreported.
In Stinson, the court held that the admissibility of expert testimony that one event is the proximate cause of another is contingent upon the expression of the expert's opinion in terms of probability. An event is probable if there is a greater-than-fifty-percent likelihood that it produced the occurrence at issue. The expression of probability is a condition precedent to the admissibility of expert opinion regarding causation. Therefore, it relates to the competence of evidence and not its weight. See Stinson, supra, paragraph one of the syllabus; Wissing,supra. On this basis, the trial court did not allow the Hofmeiers to ask McKenna's expert whether their theory of causation was a possibility.
Nevertheless, authority exists for the proposition that, on cross-examination, a party may ask the other party's expert about causes whose likelihood is less than fifty percent to refute the expert's claim that another condition was the probable cause of the injury or that the probable cause was indeterminable. See Stinson, supra, at 456-457,633 N.E.2d at 537-538; Wissing, supra; Goodrick v. Didovic (May 5, 1994), Cuyahoga App. No. 650593, unreported. Consequently, the question was permissible, and the answer was admissible into evidence.
Nevertheless, even if we were to determine that the trial court erred in failing to allow the Hofmeiers to question McKenna's expert about the possibility, we could not, given the overall state of the record, conclude that this isolated incident, in an otherwise well-tried case, prejudiced the Hofmeiers. An error is harmless where "it does not affect substantial rights of the complaining party, or where the court's action is not inconsistent with substantial justice." O'Brien v. Angley (1980),63 Ohio St.2d 159, 164, 407 N.E.2d 490, 494; McQueen v. Goldey (1984),20 Ohio App.3d 41, 44, 484 N.E.2d 712, 716. Accordingly, we overrule the Hofmeiers' second assignment of error.
In their third assignment of error, the Hofmeiers contend that the trial court erred in failing to admit into evidence x-rays showing the nature and extent of Verldene Hofmeier's injuries and in failing to allow the exhibits to go back to the jury during its deliberations. They argue that the trial court's error denied them the right to present relevant evidence in support of their cause of action. This assignment of error is not well taken.
The trial court excluded the x-rays on the basis that they were technical devices that required "a person with great education to review." The court concluded that the jurors, as laypersons, did not know how to interpret the x-rays and that the experts had testified as to their content and meaning. We can find no case where a trial court made a similar ruling.
Certainly, as the Hofmeiers contend, the x-rays were relevant evidence. See Evid.R. 401; State v. Lyles (1989), 42 Ohio St.3d 98, 99,537 N.E.2d 221, 222; Brokamp v. Mercy Hosp. Anderson (1999),132 Ohio App.3d 850, 862-863, 726 N.E.2d 594, 603. Further, Evid.R. 1002 sets forth the "best evidence" or the "original document" rule. It provides that, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required * * *." Evid.R. 1001(2) provides that the term "photographs" includes x-ray films. At least one commentator has noted that, although sometimes fine distinctions are involved, x-rays are generally admissible into evidence. See Weissenberger, Ohio Evidence (2002) 643-644, Section 1001.17. See, also, 2 McCormick on Evidence (5 Ed. 1999) 15-16, Section 214.
Nevertheless, even if we were to conclude that the trial court erred in failing to admit the x-rays into evidence, we could not hold that the error prejudiced the Hofmeiers or affected their substantial rights. The matters shown in the x-rays were not generally in dispute. McKenna never disputed the nature and extent of Verldene Hofmeier's injuries. The issue presented to the jury was the causation of those injuries. Further, as the Hofmeiers acknowledge, all of the experts discussed the x-rays in their testimony, the x-rays were shown to the jury, and the jury was aware of their contents. Consequently, we find no reversible error, and we overrule the Hofmeiers' third assignment of error.
In their fourth assignment of error, the Hofmeiers contend that the trial court erred in not admitting into evidence McKenna's Internet and Yellow Pages advertising. They contend that the advertisements were relevant to the issue of informed consent because they supported the Hofmeiers' testimony regarding McKenna's statements about the minimal risk of the surgery. This assignment of error is not well taken.
Verldene Hofmeier testified that she had never seen the advertisements and did not rely upon them in making her decision to have McKenna perform the surgery. Thus, the evidence did not have any tendency to make the existence of any fact at issue more probable or less probable than it would have been without the evidence. The trial court did not, therefore, abuse its discretion in determining that the advertisements were not relevant. See Lyles, supra, at 99, 537 N.E.2d at 222; Brokamp,supra, at 862-863, 726 N.E.2d at 603. Further, even if the advertisements had been relevant, the trial court would have acted within the discretion conferred by Evid. R. 403(A) in excluding them, because the danger of unfair prejudice, confusion of the issues, and misleading the jury substantially outweighed their probative value. See State v. Rahman
(1986), 23 Ohio St.3d 146, 152, 492 N.E.2d 401, 407; Brokamp, supra, at 863, 726 N.E.2d at 603. Accordingly, we overrule the Hofmeiers' fourth assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Gorman, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.