DECISION.
Plaintiff-appellee Kathy B. Rogers filed a complaint alleging that she had suffered personal injuries when the automobile she was driving was hit by an automobile driven by defendant-appellant Daniel L. Armstrong. Armstrong admitted that he was at fault in the accident, but denied that the accident had caused Rogers's alleged injuries. At trial, Rogers testified that prior to the accident she had no pain in her middle or lower back. Rogers testified that the impact caused a "quick jerk," but that it did not cause her to hit anything in the car. She suffered no objective physical injuries. After the accident, Rogers testified, she suffered from a "little tingling" in her neck, pain in her middle back and "excruciating pain" in her lower back. Rogers identified her medical bills and treatment records from Vernon Place Chiropractic, stating that the treatments had cured the pain caused by the accident.
On cross-examination, Rogers testified that she did not go to the emergency room after the accident, that she did not seek treatment for her injuries until approximately two weeks after the accident, that Vernon Place Chiropractic solicited her by telephone, that Vernon Place Chiropractic told her that it only called people who were not at fault in accidents, that Vernon Place Chiropractic paid her cab fare so that she could get to her appointments, and that Vernon Place Chiropractic sent her bills directly to her attorney. No other testimony was presented. The bills and treatment records from Vernon Place Chiropractic were admitted into evidence after certain hearsay evidence was redacted.
Armstrong moved for a directed verdict, arguing that Rogers had failed to prove that his negligence had proximately caused her alleged injuries, because she had not presented any expert testimony as to causation. The trial court overruled Armstrong's motion. The jury returned a verdict in Rogers's favor for $3831.
Armstrong has appealed, raising four assignments of error for our review. His first assignment of error alleges that the trial court erred in overruling his motion for a directed verdict.
Civ.R. 50 (A)(4) provides the following:
 When a motion for a directed verdict has been properly made, and the court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 The trial court must determine whether there exists any evidence of substantial probative value to support the nonmoving party's claim. See Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 69, 430 N.E.2d 935, 938. The legal sufficiency of the evidence is tested. See id. A directed verdict must be granted "when there is no evidence tending to prove an essential element of the plaintiff's cause of action." Boewe v. Ford Motor Co. (1992), 94 Ohio App.3d 270, 281, 640 N.E.2d 850, 857; Job v. Cleveland Dance Center (1989), 62 Ohio App.3d 678, 686, 577 N.E.2d 396, 401.
"In order to establish proximate cause there must be evidence that a direct or proximate causal relationship existed between the accident and the injury or disability complained of." Buckeye Union Ins. Co. v.Vassar (Feb. 18, 1981), Hamilton App. No. C-800007, unreported.
 Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.
 Darnell v. Eastman (1970), 23 Ohio St.2d 13, 261 N.E.2d 114, syllabus. In Mahaffey v. Stenzel (Jan. 25, 1999), Ross App. No. 97CA2391, unreported, Mahaffey filed a complaint for injuries she had allegedly sustained when Stenzel's car hit Mahaffey's automobile in the rear end. Stenzel stipulated that her negligence had caused the accident. The case proceeded to trial on the issues of proximate cause and damages. Mahaffey testified at trial that she had experienced pain in her neck, back and arms immediately after the accident. Stenzel moved for a directed verdict on the basis that Mahaffey had failed to present medical evidence that the accident had caused her injuries. Mahaffey argued that the jury could conclude from common knowledge that the accident had caused her injuries. The trial court denied Stenzel's motion and the jury returned a verdict in favor of Mahaffey.
The Fourth Appellate District held that the trial court erred in failing to grant Stenzel's motion for a directed verdict, stating, "When plaintiffs seek damages for subjective injuries occurring without physical contact, such as whiplash, expert testimony as to causation is required."Id. The appellate court held that such subjective injuries involved matters beyond the scope of common knowledge.
The Eighth Appellate District held, in Langford v. Dean (Sept. 30, 1999), Cuyahoga App. No. 74854, unreported, a case involving a rear-end automobile collision, "that the causal connection between soft tissue injuries incurred in motor vehicle accidents and alleged subsequent physical disability is not so apparent as to be a matter of common knowledge, where the alleged injuries involved strains to the neck and back area." See, also, Hodge v. King (July 16, 1998), Cuyahoga App. No. 72823, unreported (proof that automobile accident proximately caused plaintiff's neck and back strain required expert medical testimony, as matters were beyond the scope of common knowledge); Davis v. DTLimousine Serv., Inc. (June 16, 1994), Cuyahoga App. Nos. 65683 and 66027, unreported (proof that vehicle accident proximately caused acute myofascitial strain of the neck and acute lumbrosacral strain of the back were beyond the scope of common knowledge, necessitating expert medical testimony); Dolly v. Daugherty (Nov. 15, 1979), Cuyahoga App. No. 40021, unreported (matters beyond the scope of common knowledge required to prove that automobile accident proximately caused spasm in the neck and lumbodorsal area of the back).
In the case sub judice, Rogers's testimony that she suffered neck and back pain after the automobile accident, and that she did not have such pain previously, was insufficient to establish the proximate cause between the alleged injuries and the accident. See Mahaffey v. Stenzel, supra;Landford v. Dean, supra. We hold that expert testimony was required to prove that Rogers's alleged injuries were caused by the automobile accident, because the causal connection between such subjective, soft-tissue injuries and the accident was beyond the scope of common knowledge. See id.
We hereby overrule our prior decision in Vesel v. Bamber (Aug. 29, 1990), Hamilton App. Nos. C-890440 and C- 890460, unreported, where we held that expert testimony was not required to show a causal connection between an automobile accident and subjective injuries to the neck, head and shoulders. We now hold that where subjective, soft- tissue injuries are alleged, the causal connection between such injuries and the automobile accident alleged to have caused them is beyond the scope of common knowledge, and that such causal connection must be established by expert testimony.
The first assignment of error is sustained. The fourth assignment of error, which alleges that the trial court erred in granting Rogers's motion for prejudgment interest, is sustained solely for the reasons set forth under the first assignment of error.
For his second assignment of error, Armstrong alleges that the trial court erred in refusing to allow defense counsel to cross-examine Rogers regarding where she had obtained the name of her attorney.
Defense counsel attempted to question Rogers on cross-examination about the way in which she had been referred to her attorney. Defense counsel wanted to present evidence that Rogers had chosen her counsel from a list of attorneys provided by Vernon Place Chiropractic. Rogers's counsel objected on the grounds of relevancy. The trial court sustained the objection on the basis that the evidence was not relevant to the issues before the jury.
Pursuant to Evid.R. 401, "relevant evidence" is that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." "Generally speaking, the question of whether evidence is relevant is ordinarily not one of law but rather one which the trial court can resolve based on common experience and logic." State v. Lyles (1989), 42 Ohio St.3d 98, 99, 537 N.E.2d 221,222. The admission or exclusion of evidence is ordinarily within the trial court's discretion. See Rigby v. Lake County (1991),58 Ohio St.3d 269, 569 N.E.2d 1056. An appellate court's review of the trial court's admission or exclusion of evidence is limited largely to whether the lower court abused its discretion. See State v. Finnerty
(1989), 45 Ohio St.3d 104, 543 N.E.2d 1233. The term "abuse of discretion" connotes more than an error of law; it implies that the trial court's action was unreasonable, arbitrary or unconscionable. See Rigbyv. Lake County, supra; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
Following a review of the record, we hold that the trial court did not abuse its discretion in refusing to admit the evidence on the basis of relevancy. See Hofmeier v. Cincinnati Institute of Plastic Reconstructive Surgery, Inc. (Jan. 18, 2002), Hamilton App. No. C-000274, unreported. The second assignment of error is overruled.
Armstrong's third assignment of error alleges that the trial court erred in granting Rogers's motion for sanctions. Prior to trial, Rogers served requests for admissions on Armstrong. Rogers requested that Armstrong admit that certain attached exhibits were "true and accurate" copies of various documents. Armstrong denied all of the requests in whole or in part. Rogers filed a motion to compel discovery and for sanctions. Following a hearing, the trial court deemed certain exhibits to be admitted. The court determined that Armstrong had not properly responded to the requests for admissions because he had not identifed the facts or contentions forming the bases for his denials. The court also found that Armstrong's failure to comply with Rogers's requests for admissions unnecessarily delayed the proceedings. The court awarded Rogers $690 in attorney fees as a sanction for Armstrong's discovery violations.
"A party may deny a request for admissions, but, upon motion pursuant to Civ.R. 37(C), improper denials may subject the responding party to sanctions." Salem Medical Arts and Development Corp. v. Columbiana Cty.Bd. of Rev. (1998), 82 Ohio St.3d 193, 195, 694 N.E.2d 1324, 1327. The trial court has broad discretion in imposing discovery sanctions, including an award of attorney fees and expenses under Civ.R. 37(C), and a reviewing court will reverse such a ruling only upon a showing of an abuse of discretion. See Itskin v. Restaurant Food Supply Co. (1982),7 Ohio App.3d 127, 454 N.E.2d 583; Hofmeier v. Cincinnati Institute ofPlastic Reconstructive Surgery, Inc., supra; Ranson v. Sheridan (Oct. 3, 1990), Hamilton App. Nos. C-890455 and C-890466, unreported.
We have reviewed the record, and we hold that the trial court did not abuse its discretion in awarding Rogers the expenses she incurred as a result of Armstrong's failure to admit. The third assignment of error is overruled.
The judgment of the trial court, insofar as it awards Rogers $690 in attorney fees for Armstrong's failure to admit, is affirmed. That part of the judgment awarding Rogers $3831 in damages plus prejudgment interest is reversed, and the cause is remanded with instructions to the trial court to enter judgment for Armstrong in accordance with law and this Decision.
Judgment affirmed in part and reversed in part, and cause remanded.
Gorman, P.J., and Sundermann, J., concur.