[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Casey A. Boyles, appeals from convictions for possession of cocaine pursuant to R.C. 2925.11(A), possession of marijuana pursuant to R.C. 2925.11(A), and trafficking in marijuana pursuant to R.C. 2925.03(A)(2). He presents five assignments of error for review.
{¶ 3} In his first assignment of error, Boyles states that the trial court erred in finding him guilty of the lesser-included offense of possession of between one hundred and five hundred grams of cocaine based solely upon Boyles's out-of-court statement. He argues that, under the corpus delicti rule, Boyles's out-of-court confession was not sufficient by itself to sustain the conviction. This assignment of error is not well taken.
{¶ 4} The "corpus delicti" is the body or substance of the crime, which includes two elements: the act and the criminal agency of the act.State v. Van Hook (1988), 39 Ohio St.3d 256, 530 N.E.2d 883; State v.Maranda (1916), 94 Ohio St. 364, 114 N.E. 1038. Before a court may admit an out-of-court confession, the state must present some evidence outside of the confession to prove the corpus delicti of the charged offense. Nevertheless, the standard is not a demanding one. The state need only present some evidence that tends to prove some material element of the crime charged. Van Hook, supra; State v. Whatley (Sept. 28, 1994), 1st Dist. No. C-930737.
{¶ 5} Boyles was charged with possession of drugs pursuant to R.C. 2925.11, which generally requires the state to prove that the accused knowingly possessed a controlled substance. Boyles admitted to possessing between seven and eighteen ounces of cocaine that police had discovered in a storage facility. After obtaining a search warrant for several units at the facility and discovering several kilograms of cocaine, police officers had determined that one of the units was rented to an individual named Mark Thomas. According to the police officer investigating the case, Thomas "provided information that Casey Boyles assisted him." In taped conversations between Thomas and Boyles, the pair discussed previous drug transactions. Thomas also arranged for a "reverse buy" between Boyles and police officers, which became the subject of another charge against Boyles.
{¶ 6} While the evidence was undoubtedly thin as to Boyles's interest in the cocaine in the storage unit before the admission of his confession, it was sufficient to meet the minimal standard of the corpus delicti rule. Further, Boyles failed to object to the admission of the confession into evidence on that basis, and we cannot hold that any error in its admission rose to the level of plain error. See State v. Wickline
(1990), 50 Ohio St.3d 114, 552 N.E.2d 913; State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332. Accordingly, we overrule Boyles's first assignment of error.
{¶ 7} In his second assignment of error, Boyles contends that the state presented insufficient evidence to support his convictions for possession of cocaine and trafficking in marijuana. His argument related to the possession-of- cocaine conviction is largely a restatement of his argument in his first assignment of error. However, in that assignment of error we held that the trial court did not err in admitting his confession where he acknowledged possession of seven to eighteen ounces, approximately 198 to 500 grams, of cocaine found in the storage unit. Consequently, the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Boyles knowingly possessed cocaine in an amount equal to or exceeding 100 but less than 500 grams. It was, therefore, sufficient to support his conviction for possession of cocaine pursuant to R.C. 2925.11(A) and (C)(4)(d). See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492;State v. Trembly (2000), 137 Ohio App.3d 134, 738 N.E.2d 93.
{¶ 8} Similarly, the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Boyles knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution or distributed marijuana when he knew or had reasonable cause to believe that it was intended for sale or resale. Consequently, the evidence was sufficient to support his conviction for trafficking in marijuana pursuant to R.C. 2923.03(A)(2). See Jenks, supra; State v. Attaway (Apr. 5, 2001), 8th Dist. No. 77641;State v. Saleem (Nov. 19, 1999), 1st Dist. No. C-960921. All links in the chain of drug supply are equally culpable, and the evidence showed that Boyles was clearly a link in the chain of supply. See State v. Latina
(1984), 13 Ohio App.3d 182, 468 N.E.2d 1139; State v. Mitchell, 5th Dist. No. 2001CA00382, 2002-Ohio-6264. Accordingly, we overrule Boyles's second assignment of error.
{¶ 9} In his third assignment of error, Boyles contends this his convictions were against the manifest weight of the evidence. After reviewing the evidence, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Boyles's convictions and order a new trial. Therefore, his convictions were not against the manifest weight of the evidence. SeeState v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541;State v. Allen (1990), 69 Ohio App.3d 366, 590 N.E.2d 1272. We overrule his third assignment of error.
{¶ 10} In his fourth assignment of error, Boyles contends that the trial court erred in admitting irrelevant evidence. He claims that the trial court should not have admitted into evidence two kilograms of cocaine from Thomas's storage unit, various receipts bearing Boyles's name recovered from the master bedroom of his mother's house, and currency also recovered from the master bedroom. This assignment of error is not well taken.
{¶ 11} The admission or exclusion of relevant evidence rests within the discretion of the trial court. An appellate court will not disturb a decision of the trial court to admit or exclude evidence absent an abuse of discretion and a showing that the accused has suffered material prejudice. State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343; State v. Martin (1985), 19 Ohio St.3d 122, 483 N.E.2d 1157.
{¶ 12} The disputed items were circumstantial evidence tending to show that Boyles was trafficking in drugs. See State v. Lyles (1989),42 Ohio St.3d 98, 537 N.E.2d 221; State v. Russo (Aug. 20, 1986), 9th Dist. No. 3986; State v. Kellogg (1984), 6th Dist. No. WD-83-85; Statev. Jones (June 6, 1984), 1st Dist. No. C-830608. Consequently, we cannot hold that the trial court's decision to allow them into evidence was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
{¶ 13} Further, since this case involved a bench trial, we must presume that the trial court relied only on relevant, material and competent evidence in arriving at its judgment unless the record affirmatively demonstrates the contrary. State v. Post (1987),32 Ohio St.3d 380, 513 N.E.2d 754; State v. Lane (1995),108 Ohio App.3d 477, 671 N.E.2d 272. Nothing the record in this case demonstrates any such error by the trial court. In fact, the court's comments in admitting some of the disputed evidence indicated that it was not giving much weight to that evidence. Accordingly, we overrule Boyles's fourth assignment of error.
{¶ 14} In his fifth assignment of error, Boyles contends that the trial court erred in sentencing him to serve consecutive sentences. He argues that although the trial court made the required findings, it did not give its reasons for making those findings as required by R.C.2929.19(B)(2)(c). The record demonstrates that the court's sentences were based upon Boyles's criminal history, particularly that one of the offenses was committed while he was on bail and awaiting trial for another offense. Under the circumstances, we cannot hold that the trial court's sentences were contrary to law or that they were not supported by the evidence, and we will, therefore, not disturb them. See State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131; State v.Hill, 1st Dist. No. C-020137, 2002-Ohio-7079; State v. Parsons (Nov. 26, 1999), 1st Dist. No. C-980900. Accordingly, we overrule Boyles's fifth assignment of error and affirm his convictions.
{¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Doan, P.J., Hildebrandt and Gorman, JJ.