OPINION *Page 2 
{¶ 1} Defendant-appellant Edward E. Donnal ("Donnal") brings this appeal from the judgment of the Court of Common Pleas of Allen County.
 {¶ 2} On February 17, 2005, the Allen County Grand Jury indicted Donnal for one count of rape and two counts of unlawful sexual conduct with a minor. Donnal filed a motion on August 15, 2005, to appoint counsel to represent the victim, an eleven year old child, and determine the admissibility of evidence of sexual activity. A memorandum in support of the motion was filed on September 23, 2005, and the response was filed on October 11, 2005. On October 24, 2005, Donnal filed a motion to determine access to records of various public agencies. The trial court issued an order on October 26, 2005, for those records to be reviewed in camera. On November 14, 2005, the trial court denied Donnal access to the records finding no information favorable to the defense. On November 30, 2005, the trial court ruled that evidence of previous sexual activity between the victim and Donnal, not related to the time frame in the indictment, was admissible, but that evidence of Donnal's sexual activity with others was inadmissible except to show a plan or scheme.
 {¶ 3} On February 7, 2006, a jury trial was held. The jury returned guilty verdicts to all counts on February 9, 2006. On March 30, 2006, a sentencing hearing was held. The trial court sentenced Donnal to nine years in prison on the *Page 3 
rape charge and to four years for each of the unlawful sexual conduct charges. The trial court ordered that these sentences be served consecutively for a total prison term of seventeen years. Donnal appeals this judgment and raises the following assignments of error.
 The trial court committed an error of law by denying access to the victim's records.
 The trial court committed an error of law and abused its discretion in determining the admissibility of other acts evidence.
 {¶ 4} In the first assignment of error, Donnal claims that the trial court erred by denying him access to the victim's records. The trial court reviewed the records in camera. After reviewing the records, the trial court determined that none of the records contained information favorable to the defense and denied Donnal's motion for access. The records in question contained the following: 1) the victim's school records; 2) files from the Allen County Department of Job and Family Services; 3) criminal records from the Allen County Sheriff's Department; 4) files from Allen County Juvenile Court; 5) files from the Ohio Department of Job and Family Services; 6) records from the Health Department; 7) records from Lima Memorial Hospital concerning the victim's sister; 8) records from Lima Memorial Hospital concerning the victim; and 9) the file from Allen County Children's Services. Donnal claims these records are discoverable pursuant to R.C. 2151.421, which states in pertinent part as follows. *Page 4 
 (A)(1)(a) No person described in division (A)(1)(b) of this section who is acting in an official or professional capacity and knows or suspects that a child under eighteen years of age * * * has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child, shall fail to immediately report that knowledge or suspicion to the public children services agency or a municipal or county peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred.
 (b) Division (A)(1)(a) of this section applies to any person who is an attorney; physician, including a hospital intern or resident; dentist; podiatrist; practitioner of a limited branch of medicine as specified in [R.C. 4731.15]; registered nurse; licensed practical nurse; visiting nurse; other health care professional; licensed psychologist; licensed school psychologist; speech pathologist or audiologist; coroner; administrator or employee of a child day-care center; administrator or employee of a residential camp or child day camp; administrator or employee of a residential camp or child day camp; administrator or employee of a certified child care agency or other public or private children services agency; school teacher; school employee; school authority; person engaged in social work or the practice of professional counseling; or a person rendering spiritual treatment through prayer in accordance with the tenets of a well-recognized religion.
 * * *
 (D)(1) Upon the receipt of a report concerning the possible abuse or neglect of a child or the possible threat of abuse or neglect of a child, the * * * officer who receives the report shall refer the report to the appropriate public children services agency.
 (A) On receipt of a report pursuant of this division or division (A) (or (B) of this section, the public children services agency shall comply with [R.C. 2151.422].
 * * * *Page 5 
 (H)(1) Except as provided in divisions (H)(4), (M), and (N) of this section, a report made under this section is confidential. The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report. In a criminal proceeding, the report is admissible in evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure.
R.C. 2151.421. The scope of discovery in criminal cases is set forth in Criminal Rule 16 as follows.
 (1) Information subject to disclosure.
 (a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.;
 (i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;
 (ii) Recorded testimony of the defendant or co-defendant before a grand jury.
 (b) Defendant's prior record. Upon motion of the defendant the court shall order the prosecuting attorney to furnish defendant a copy of defendant's prior criminal record, which is available to or within the possession, custody or control of the state.
 (c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, *Page 6 papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.
 (d) Reports of examination and tests. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.
 (e) Witness names and addresses; record. Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. * * *
 (f) Disclosure of evidence favorable to defendant. Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. * * *
 * * *
 (2) Information not subject to disclosure. Except as provided in subsections (B)(1)(a), (b), (d), (f), and (g), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of *Page 7 the case, or of statements made by witnesses or prospective witnesses to state agents.
Evid.R. 16. Thus, the first question to be addressed is whether the records are discoverable.
 {¶ 5} In this case, Donnal has alleged that the trial court erred in denying him access to several types of records. This court has reviewed those records and applied Crim.R. 16 to them to determine whether the trial court abused its discretion in denying discovery of them. A review of the victim's school records, the file of the Allen County Department of Job and Family Services, the files of the Allen County Sheriff's Department, the files of the Ohio Department of Job and Family Services, the Health Department Records, and the Lima Memorial Hospital file on the victim's sister reveals that those records contain no information relevant to this case. Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. "[R]elevant evidence is not limited to merely direct evidence proving a claim or defense." State v. Moore (1988),40 Ohio St.3d 63, 65, 531 N.E.2d 691. "[C]ircumstantial evidence bearing upon the probative value of other evidence in the case can also be of consequence to the action." Id. The records listed above, however, contain neither information concerning the alleged *Page 8 
offenses nor information which could potentially be of consequence to the action. Thus, the trial court did not err in denying discovery of these records.
 {¶ 6} The victim's records from Lima Memorial Hospital were also reviewed by the trial court. Records from 1990 until December 28, 2004, specifically those from the Kid's Clinic visit were requested. The trial court reviewed those records in camera. A review of the records denied by the trial court and sealed indicates that the records ranged from September 27, 1990 through December 28, 2004. All of the records, excluding those from the Kid's Clinic on December 28, 2004, dealt with normal childhood maladies. None of them contained any reference to abuse or any other item relevant to this case. Thus, the records through December 27, 2004, are not discoverable. However, the report from the Kid's Clinic concerning the exam for sexual abuse is discoverable pursuant to Crim.R. 16(B)(1)(d). This report was disclosed by the State in the State's supplemental discovery on November 4, 2005. R. 100. Therefore, the trial court did not err in determining the remainder of the medical records were not discoverable.
 {¶ 7} The next record to be considered is that of the Allen County Juvenile Court. This file consists of two different cases. One of the cases concerned an incident from February 2004, and had no relation to the current case. Since no mention of the abuse is found in this file, it is not relevant and is *Page 9 
not discoverable. The second case was the alleged abused child case resulting from the events forming the basis of this case. Thus, this file is relevant. However, the items in this file contain no information that is not available from other sources. It consists of the allegations forming the basis for Allen County Children Services ("the Agency") becoming involved with the family. The file contains no direct statements made by the victim or any other witness beyond the claim that the abuse occurred. The contents of the file is portions of the case file of the Agency, copies of the case plan, and the orders of the court returning the victim to his mother and eventually terminating the case. The file makes only limited mention of Donnal as his involvement is not central to the juvenile court's involvement. The juvenile court is focused on the actions of the father and mother and the steps necessary to help the victim cope with the effect of the abuse and to protect him from future abuse. The file does not contain any statements by the defendant or a co-defendant, any portion of the defendant's prior record, any reports of an examination or test, any witness names, addresses, or criminal records, or any evidence favorable to the defendant. Thus, the only section which may apply is Crim.R. 16(B)(1)(c). This section requires disclosure of documents material to the preparation of the defense. Material is defined as any thing "of such a nature that knowledge of the item would affect a person's decision-making process." Black's Law Dictionary (7 Ed. Rev. 1999) 991. A review of the *Page 10 
juvenile court's file does not reveal any information that could possibly affect the decision making process of Donnal. The file deals with the case involving the victim's mother and father. It merely contains a mention of not only Donnal's actions towards the victim, but those of the father. No details of the alleged activities were presented and no statement of any witness was presented. Thus, there is no information in the file material to the preparation of the defense. Additionally, there is no information favorable to the defense which would mandate disclosure under Crim.R. 16(B)(1)(f). The trial court did not err in denying discovery of the file.
 {¶ 8} Finally, Donnal requested discovery of the file maintained by the Agency. Donnal asserts that the Agency's file is discoverable pursuant to R.C 2151.421(H)(1). However, to be discoverable, the file must also be discoverable under Crim.R. 16. R.C. 2151.421(H)(1).
 {¶ 9} The Agency file is divided into twelve parts, which must be reviewed independently. A review of the file shows that the eighth division regarding education and the eleventh division, regarding support and financial matters are empty. Thus, there is nothing to disclose from those sections. The third division contains copies of all the documents filed in the Juvenile Court. These documents were discussed above and need not be addressed again. The first division contains the client information and the reason for the case, i.e. the *Page 11 
alleged sexual abuse. The second division contains the Agency's case plans and reviews concerning the progress of the family. In the fourth division, there is information concerning the temporary placement of the victim after the initial allegation. The seventh division contains the service provider information, such as to whom referrals are made, releases signed, financial information, case status updates, etc. These divisions have no information material to the preparation of the defense or any information favorable to the defense and are not subject to discovery.
 {¶ 10} The twelfth division contains news clippings surrounding the charges. These same news clippings were available from other sources, specifically the newspaper which ran the story. As with the prior divisions, the news clippings contained no information material to the preparation of the defense or any information favorable to Donnal. Therefore, this portion of the Agency's file is not subject to discovery.
 {¶ 11} The sixth division of the Agency file contained medical records. Part of the division is comprised of the Kid's Clinic report, which was disclosed by the State. The remainder of the division is an update on the counseling of the victim's mother. This update contains no statements by any witness and in fact makes only a passing mention of the sexual abuse of the victim. It contains no reference to the defendant, his trial, or his alleged actions. It could not possibly *Page 12 
have any affect on the defense strategy and is not favorable to the defense. Therefore, it is not discoverable under Crim.R. 16.
 {¶ 12} The fifth division of the Agency's file contains the narrative reports received by the Agency. This division contains numerous documents, including the following relevant ones: (1) the case worker's notes concerning what was said and done, (2) a report detailing interviews with the victim at the Lima Police Department, and (3) the report of the initial officer.[1] Discovery of internal documents made by the prosecuting attorney or his agents in connection with he investigation of the case are not discoverable. Crim.R. 16(B)(2). This rule also excludes statements made by witnesses to an investigatory agent. Id. All of the relevant documents in the narrative file are reports made by agents of the state during the investigation of the case. A review of the contents of those reports reveal no statements by Donnal or the victim's father, no documents which are material to the preparation of a defense, no prior record of Donnal, no reports of examinations or tests, and no evidence favorable to Donnal. Thus, the documents are not discoverable pursuant to Crim.R. 16(B)(2).
 {¶ 13} The "Other Reports" found in the ninth division of the case file contains various reports from the Lima Police Department. All of these documents were prepared by the officers and were not signed by the witnesses, *Page 13 
which would make them statements under Crim.R. 16(B)(1)(g). Instead, they are merely the statements of the officers as to what they remember the witness stating. A review of those statements indicates no information which is either material to the preparation of the defense or favorable to Donnal. Therefore, the documents are not discoverable pursuant to Crim.R. 16(B)(1). However, the division also contained summaries of statements made by Donnal and by the victim's father, a co-defendant. These statements would be discoverable under Crim.R. 16(B)(1)(a)(ii). These statements were disclosed to Donnal by the State in its response to a demand for discovery filed on March 24, 2005. Since those reports were disclosed, no error results.
 {¶ 14} Finally, the Agency's file contains a correspondence file in the tenth division which contains a copy of the victim's father's suicide note. The note is written and signed by the victim's father, a co-defendant, and is relevant to this case because it relates to the alleged abuse. Therefore, pursuant to Crim.R. 16(B)(1)(a)(i), the note should have been disclosed and the trial court erred in not doing so. Although the trial court erred, this court does not find this error to be prejudicial. "To be prejudicial, an error must have affected the outcome of the trial proceedings." State v. Gonzales, 154 Ohio App.3d 9,2003-Ohio-4421, ¶ 65, 796 N.E.2d 12. A review of the note indicates that the victim's father expressed his regret for what he did and his hope that the victim would eventually forgive *Page 14 
him. The note does not specifically state what the victim's father regrets, but taken into the context of the trial testimony, refers to the sexual abuse of the victim. No mention of Donnal is made. The note neither implicates nor exonerates Donnal. Even if assumed that Donnal could use the note to further his argument that the victim's father acted alone in the sexual abuse, the note is insufficient to prove this claim given the testimony of both the victim and the victim's father. Therefore, the disclosure of the note is unlikely to have affected the outcome of the trial and the failure to disclose is harmless error.
 {¶ 15} Based upon a thorough review of all the documents reviewed in camera by the trial court, no prejudicial error is found in the denial of disclosure. The first assignment of error is overruled.
 {¶ 16} Donnal's second assignment of error claims that the trial court erred in admitting the testimony concerning Donnal's sexual acts with his brother. Specifically, Donnal claims that allowing the jury to hear how he and his twin brother had allegedly been involved in a homosexual relationship from the age of 12 on was overly prejudicial and not relevant to the case before the jury. The trial court allowed the testimony to show a pattern of behavior involving the grooming of the victim to perceive that the sexual acts requested of him were "normal." "Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve *Page 15 
the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during trial." R.C.2907.02(E).
 Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
 Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under [R.C. 2945.59] and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
R.C. 2907.02(D).
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant. *Page 16 
R.C. 2945.59.
 {¶ 17} In this case, the State presented evidence of prior sexual acts between the victim and Donnal and of prior sexual acts between Donnal and his twin brother. The State argued at the hearing on the matter that the evidence would be used to show that Donnal's prior sexual acts showed a plan for desensitizing the victim towards the sexual acts in which he would participate. The State also argued that the testimony of the progression of the prior sexual acts between Donnal and his twin brother were admissible to show that the victim's father and Donnal progressed with the victim in the same manner. The use of the prior acts between the defendant and the victim and the defendant and a third party are admissible under R.C. 2945.59, if they are admitted solely for the purpose of showing a plan or system. The trial court has broad discretion in determining whether evidence is admissible. State v.Lyles (1989), 42 Ohio St.3d 98, 537 N.E.2d 221. Absent a showing of abuse of that discretion in the admission of evidence, the trial court's judgment will not be reversed. Id.
 {¶ 18} A review of the record indicates that the trial court properly considered the arguments of Donnal and the State and determined that the evidence was admissible under the statute. Since there is some evidence to support this ruling, the trial court did not abuse its discretion. Additionally, the *Page 17 
trial court specifically instructed the jury about the prior sexual acts between Donnal and the victim as follows.
 There was evidence, or, testimony given that if you believe, and that's totally up to you, but if there was evidence that you believe showed some acts that could be classified as bad acts, or wrongs, that occurred prior to the dates that are alleged in the indictment, well, if you believe that evidence was there I have to tell you that there's certain purposes for which that evidence can be used and only for those purposes. In other words, if you find that the evidence shows that there were acts prior to the dates alleged in the indictment you can't use that evidence of those prior acts to prove that the defendant acted in accordance with those prior acts in the dates that are alleged. You cannot use that. You must not use it to prove that he acted in conformity with that kind of behavior if you find that that was shown. You can use that prior behavior, if you find that it existed, you can use it for limited purposes in a case like this where issues such as whether the defendant had the opportunity to commit the acts alleged in the indictment, or if he had a plan, a system, or a scheme, well, you can use that evidence of prior acts, if you find there were prior acts, you can use that to establish that plan, that scheme, that system, or the opportunity to commit the acts alleged in the indictment. You can't say `well, we found there was (sic) some prior acts and so we think he acted in conformity with that and so that, therefore, proves the acts alleged'. Do you understand what I'm saying? You've got to make sure that you don't consider it for any improper reason. Don't say, `well, we believe that there was (sic) some prior bad acts and, therefore, he acted in conformity and that's enough proof.' You can't do that. You can, however, consider it as evidence, if you believe it, as opportunity, or a plan, or a scheme, or some type of system that's relevant to what is alleged in the indictment.
Tr. 122-23. During the jury instructions, the trial court gave further limiting instructions. *Page 18 
 Evidence was received about the defendant engaging in sexual conduct with [the victim] and [the victim's father] at times prior to the dates alleged in the indictment which is evidence of the commission of wrongs other than the offenses with which the defendant is charged in this trial. That evidence was received only for a limited purpose. It was not received, and you may not consider it, to prove the character of the defendant in order to show that he acted in conformity with that character. If you find that the evidence of other wrongs is true and that the defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the defendant's opportunity, or plan, scheme, or system to commit the offenses charged in this trial. This evidence cannot be considered for any other purpose. This evidence is not to be used as substantive evidence that the defendant committed the crimes charged.
Tr. 379-80. Given these limiting instructions, this court cannot find that even if the evidence was improperly admitted, any prejudice resulted. Therefore, the second assignment of error is overruled.
 {¶ 19} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur. r
[1] The file also contained some other documents which contained no information relevant to this case and thus are not discoverable. *Page 1