THE STATE, EX REL. LIGHTTISER, PROSECUTING ATTORNEY, APPELLANT, *v.* SPAHR, JUDGE; DIEHL, APPELLEE.

[Cite as State, ex rel. Lighttiser, *v.* Spahr (1985), 18 Ohio St. 3d 234.]

(No. 84-1584—Decided July 17, 1985.)

*David E. Lighttiser,* prosecuting attorney, and *William F. McKee,* for appellant.

*Randall M. Dana,* public defender, *S. Adele Shank, Scott C. Kenney* and *J. Michael King,* for intervenor-appellee.

*John W. Allen,* urging reversal for *amicus curiae,* Ohio Prosecuting Attorneys Association.

*Per Curiam.* The issue presented herein is whether prohibition will lie to prevent the trial court from enforcing its discovery order against the prosecutor in the criminal proceeding below. We recently addressed this very issue in *State, ex rel. Corrigan,* v. *Griffin* (1984), 14 Ohio St. 3d 26, in which it was stated at 27:

"'* * * The trial court has authority to enter pretrial orders regarding discovery. Crim. R. 16. Moreover, appellant could have sought leave to appeal pursuant to R.C. 2945.67, wherein any errors with respect to appellee's order could have been raised. The availability of an appeal under R.C. 2945.67 is an adequate remedy at law sufficient to preclude the granting of an extraordinary writ. *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 122 [16 O.O.3d 143]; *State, ex rel. Zoller,* v. *Talbert* (1980), 62 Ohio St. 2d 329, 330 [16 O.O.3d 391]."

The *amicus* attempts to distinguish *Griffin* from the instant case by noting that sanctions for failure to comply with discovery had been ordered by the trial court in *Griffin,* whereas no such sanctions had been ordered by the trial court herein. The *amicus* then asserts that an appeal pursuant to R.C. 2945.67 is unavailable unless sanctions have been ordered; and, since no sanctions were ordered herein, the appellant had no right to seek an appeal and no adequate remedy at law.

R.C. 2945.67(A) provides, in relevant part:

"A prosecuting attorney * * * may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

This code section clearly does *not* require the imposition of sanctions as a condition to the availability of appeal. We conclude, therefore, that the instant case can not be distinguished from *Griffin, supra;* that ap-

pellant had an adequate remedy at law; and that the court of appeals properly denied the extraordinary writ sought by the appellant.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.