THE STATE OF OHIO, APPELLANT, *v.* DOTSON, APPELLEE. ■

(No. 85AP-827—Decided March 20, 1986.)

*Michael Miller,* prosecuting attorney, and *Joyce S. Anderson,* for appellant.

*James Kura,* county public defender, *Gloria Eyerly* and *Barry Wolford;* and *Jeffrey McClelland,* for appellee.

*Per Curiam.* The state seeks leave to appeal, pursuant to R.C. 2945.67(A), from an order of the trial court requiring the state to produce fingerprinting and handwriting samples of a witness. The state also seeks to test the trial court's authority to have determined the matter outside the presence of counsel for the state, *"in camera ex parte,"* without requiring defendant to establish on the record the materiality of the evidence sought.

The state's motion was filed prior to trial; the case has since been terminated in the trial court by having been tried to judgment, resulting in defendant's conviction. Although we have the jurisdiction to exercise our discretion and grant leave for appeal at this stage (*State* v. *Arnett* [1986], 22 Ohio St. 3d 186, 22 OBR 272, 489 N.E. 2d 284; *State* v. *Keeton* [1985], 18 Ohio St. 3d 379, 18 OBR 434, 481 N.E. 2d 629), ordinarily, any decision we would render on an appeal after an acquittal or a conviction would likely have no effect on the outcome of the case and, thus, granting leave to appeal would result in our having violated our policy against rendering advisory opinions. See *Armco, Inc.* v. *Pub. Util. Comm.* (1982), 69 Ohio St. 2d 401, 405-406, 23 O.O. 3d 361, 364-365, 433 N.E. 2d 923, 926; *Travis* v. *Pub. Util. Comm.* (1931), 123 Ohio St. 355, 175 N.E. 2d 586, paragraph two of the syllabus; *Miner* v. *Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus. In addition, where the case has been terminated below, the defendant can be expected to have no stake in disrupting the state's contentions on appeal, and there is, therefore, no assurance that we will receive the assistance of counsel that is the hallmark of the adversary system.

We do not wish to be read as saying that we shall *never* grant leave to the state to appeal following an acquittal, or a conviction from which the defendant does not appeal. Instead, each motion will be considered on a case-by-case

basis to determine whether the extraordinary circumstances exist which would warrant our granting leave to appeal.

On the other hand, where, following a conviction, the defendant appeals and the state seeks to file a cross-appeal disputing rulings of the trial court, a viable issue may be raised by the cross-appeal in the event we reverse the conviction, on the basis of defendant's appeal, and order a new trial. In that event, our disposition of the state's assignments of error would be binding upon the trial court in its conduct of the new trial.

Of course, under some circumstances, review will be proper and more effective prior to the conclusion of the trial. See, *e.g., State, ex rel. Lighttiser,* v. *Spahr* (1985), 18 Ohio St. 3d 234, 18 OBR 292, 480 N.E. 2d 779; *State* v. *Port Clinton Fisheries, Inc.* (1984), 12 Ohio St. 3d 114, 12 OBR 157, 465 N.E. 2d 865; *State, ex rel. Leis,* v. *Kraft* (1984), 10 Ohio St. 3d 34, 10 OBR 237, 460 N.E. 2d 1372.

Defendant has appealed his conviction. Accordingly, we sustain the state's motion to the extent that leave is granted the state to file a cross-appeal; the state's notice of appeal will be regarded as notice of a cross-appeal, and case No. 85AP-827 will be consolidated with defendant's appeal in case No. 86AP-62.

*Motion sustained.*

MOYER, P.J., STRAUSBAUGH and NORRIS, JJ., concur.