[Cite as *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754.]

THE STATE EX REL. MASON, PROS. ATTY., *v.* BURNSIDE, JUDGE.

[Cite as *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754.]

*Prohibition — Writ of prohibition sought to prevent common pleas court judge from enforcing order in a capital case requiring prosecuting attorney to provide all police reports and witness statements to defense counsel — State has an adequate remedy in the ordinary course of law — Cause dismissed.*

(No. 2007-2084 ─ Submitted December 11, 2007 ─ Decided December 20, 2007.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an action for a writ of prohibition to prevent a common pleas court judge from enforcing an order in a capital case requiring the prosecuting attorney to provide all police reports and witness statements to defense counsel. Because the state has an adequate remedy in the ordinary course of law by appeal to raise its claim, we grant the judge's motion and dismiss the case.

{¶ 2} Wilson Santiago was indicted on multiple counts, including aggravated murder with capital specifications, for the murder of a Cleveland police detective. Respondent, Cuyahoga County Court of Common Pleas Judge Janet R. Burnside, is the judge presiding over the criminal case.

{¶ 3} On October 22, 2007, Judge Burnside ordered relator, Cuyahoga County Prosecuting Attorney William D. Mason, to "produce copies of (A) all police reports of whatever form, title or description and (B) all witness statements to defense counsel no later than October 25, 2007 at 4:00 p.m." The judge

entered this order upon Santiago's motions to assure that defense counsel would receive the same information that the state was willing to provide to the defendant's experts. On October 24, the state filed a memorandum claiming that the judge had exceeded her authority under Crim.R. 16 by making the discovery order.

{¶ 4} On November 6, Judge Burnside issued a new judgment entry ordering the state to "provide all the police reports and witness statements no later than November 13, 2007 at 4:30 p.m." The judge stated that although the order "contravenes the strict language of Crim.R. 16," because the state had been willing to ignore the rule and provide the same reports to the defense experts, fundamental fairness compelled the disclosure of the reports to defense counsel as well. More specifically, the judge observed that the state's position would cause the ineffective assistance of defense counsel:

{¶ 5} "The unstated premise of this arrangement is that experts hired by defense counsel may not divulge contents of police reports to defense counsel. This places Defendant's counsel in an unenviable and awkward position of possessing less information than their agents, that is, their *chosen* witnesses. Obvious difficulties are seen with this arrangement. The fact the arrangement has allegedly been used in other capital cases does not enamor this Court of its use here. How is the Defendant protected from counsel being unwittingly ill advised and unprepared for facts of which experts have knowledge but counsel does not[?] Without such disclosure how are the defense counsel going to take advantage of facts brought out? How can counsel formulate direct examination of the witnesses? How does defense counsel protect against * * * unwittingly introducing expert testimony based on facts that are not in fact testified to and placed in evidence[?]"

{¶ 6} Instead of seeking leave from the court of appeals to immediately appeal the judge's discovery order pursuant to R.C. 2945.67 and seeking a stay of

2

the order, Mason filed this action for an extraordinary writ of prohibition to prevent Judge Burnside from enforcing her November 6 order. Mason also filed a motion for a stay of the November 6 discovery order pending the court's resolution of this prohibition case. Judge Burnside filed a motion to dismiss, and Mason filed a memorandum in opposition.

{¶ 7} This cause is now before us for our S.Ct.Prac.R. X(5) determination.

### S.Ct.Prac.R. X(5) Determination

{¶ 8} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. Dismissal, which Judge Burnside requests, is required if it appears beyond doubt, after presuming the truth of all material factual allegations of Mason's complaint and making all reasonable inferences in Mason's favor, that Mason is not entitled to the requested extraordinary relief in prohibition. See *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 26. If, however, after so construing Mason's complaint, it appears that his prohibition claim may have merit, we will grant an alternative writ and issue a schedule for the presentation of evidence and briefs. See id. Mason's request for a stay of Judge Burnside's discovery order is essentially a request for an alternative writ. See S.Ct.Prac.R. X(6) (alternative writ in prohibition case "stays proceedings in the action sought to be prohibited until final determination of the Supreme Court").

{¶ 9} For the following reasons, we grant Judge Burnside's motion and dismiss the cause.

{¶ 10} First, "absent a patent and unambiguous lack of jurisdiction, 'a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Powell v. Markus*, 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 8, quoting *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio

St.3d 426, 428-429, 751 N.E.2d 472. Mason claims that because Judge Burnside patently and unambiguously lacked jurisdiction to issue the pretrial discovery order, a writ of prohibition should issue.

{¶ 11} It is unquestioned that "courts have broad discretion over discovery matters." *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶ 18. Given the discretionary authority vested in Judge Burnside in discovery matters, "an extraordinary writ will not issue to control her judicial discretion, even if that discretion is abused." *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888; see also *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 16, 706 N.E.2d 765 (writ of prohibition will not generally issue to challenge discovery orders).

{¶ 12} Therefore, the judge did not patently and unambiguously lack jurisdiction to issue the discovery order. By so holding, we do not rule on the merits of Mason's jurisdictional claim that Judge Burnside abused her discretion in issuing the pretrial discovery order because our duty in prohibition cases is limited to determining whether jurisdiction is patently and unambiguously lacking. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 28; *Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶ 45.

{¶ 13} Second, although Mason claims that he is entitled to the writ of prohibition and the stay because he is prevented from appealing Judge Burnside's discovery order by our holding in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph seven of the syllabus ("Discovery orders are interlocutory and, as such, are neither final nor appealable"), we also recognized in *Steckman* that an exception to this general rule is the state's right under R.C. 2945.67 to appeal "by leave of the court to which the appeal is taken

any other decision, except the final verdict, of the trial court in a criminal case." Id. at 438-439.

{¶ 14} Because Mason may appeal by leave of the court of appeals and file a motion to stay the discovery order, he has an adequate remedy at law, which precludes his claim for extraordinary relief in prohibition. *State ex rel. Corrigan v. Griffin* (1984), 14 Ohio St.3d 26, 27, 14 OBR 328, 470 N.E.2d 894; *State ex rel. Boardwalk Shopping Ctr., Inc. v. Cuyahoga Cty. Court of Appeals* (1990), 56 Ohio St.3d 33, 34-35, 564 N.E.2d 86. In *State ex rel. Lighttiser v. Spahr* (1985), 18 Ohio St.3d 234, 18 OBR 292, 480 N.E.2d 779, a prosecuting attorney similarly sought a writ of prohibition to prevent a trial court from enforcing a pretrial discovery order compelling the prosecutor to disclose all written statements by potential witnesses. We quoted *Corrigan*, 14 Ohio St.3d at 27, 14 OBR 328, 470 N.E.2d 894, in holding that the availability of an appeal for the prosecutor constituted " 'an adequate remedy at law sufficient to preclude the granting of an extraordinary writ.' " *Lighttiser* at 235, 18 OBR 292, 480 N.E.2d 779.

{¶ 15} Finally, insofar as Mason might be held in contempt if he does not follow the discovery order, he has an adequate remedy by appeal to challenge any contempt order based on his claim that Judge Burnside's discovery order is erroneous. " '[A]ppealing a contempt order is an adequate remedy at law which will result in denial of the writ.' " *State ex rel. Wellington v. Kobly*, 112 Ohio St.3d 195, 2006-Ohio-6571, 858 N.E.2d 798, ¶ 29, quoting *State ex rel. Mancino v. Campbell* (1993), 66 Ohio St.3d 217, 220, 611 N.E.2d 319.

{¶ 16} Based on the foregoing, the judge did not patently and unambiguously lack jurisdiction to issue the pretrial discovery order and the state has an adequate remedy in the ordinary course of law by way of appeal to challenge the propriety of that order. Therefore, we deny Mason's motion for a stay and grant Judge Burnside's motion to dismiss.

Cause dismissed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Lisa Reitz Williamson, Assistant Prosecuting Attorney, for relator.

Baker & Hostetler, L.L.P., James R. Wooley, and Stephan J. Schlegelmilch, for respondent.

_____