[Cite as *State v. Woods*, 2014-Ohio-4429.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | Case No. 13CA3396 |
| vs. | : | |
| RICHARD A. WOODS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellee. | : | |

APPEARANCES:

COUNSEL FOR APPELLANT:    Matthew S. Schmidt, Ross County Prosecuting Attorney,
and Jeffrey C. Marks, Ross County Assistant Prosecuting
Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:    Timothy Young, Ohio Public Defender, and Melissa M.
Prendergast, Ohio Assistant Public Defender, 250 East
Broad Street, Suite 1400, Columbus, Ohio 43215

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-26-14
ABELE, P.J.

{¶ 1}  This is an appeal by leave of the court by the state, plaintiff-appellant, from a Ross County Common Pleas Court judgment imposing a sanction of excluding the alleged crime victim's testimony in the underlying criminal case.  The trial court excluded the testimony due to the state's noncompliance with an order to provide the victim's medical and psychiatric records to the trial court for an in camera inspection to determine if they should be disclosed in discovery. The state does not set forth assignments of error in its amended brief as App.R. 16(A)(3)

requires, but instead sets forth the following "issue presented" and "argument," which we treat as its sole assignment of error:

> "THE TRIAL COURT ERRED IN ORDERING THAT THE ALLEGED VICTIM OF THIS OFFENSE WOULD NOT BE ABLE TO TESTIFY AT TRIAL DUE TO THE FACT THAT THE STATE OF OHIO DID NOT PROVIDE THE TRIAL COURT WITH ALL MEDICAL, PSYCHOLOGICAL, AND PSYCHIATRIC RECORDS OF THE ALLEGED VICTIM OF THIS OFFENSE FROM THE VICTIM'S BIRTH, THROUGH THE PRESENT, BECAUSE THE TRIAL COURT DID NOT CHO[O]SE THE LEAST RESTRICTIVE SANCTION AVAILABLE FOR THE FAILURE TO PROVIDE THE RECORDS."

**{¶ 2}**   In January 2012, a Ross County grand jury returned a secret indictment that charged Richard A. Woods, defendant-appellee, with (1) three counts of rape in violation of R.C. 2907.02, a felony of the first degree, and (2) one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree.   The state subsequently filed a bill of particulars that specified the alleged victim's name who was born in August 1992.[1]   The bill of particulars alleged that the rapes occurred on or about (1) July 4, 2003 through August 8, 2003, (2) August 9, 2004 through November 1, 2004, and (3) September 1, 2004 through December 25, 2004. The bill further alleged that the gross sexual imposition occurred on or about October 1, 2003 through December 1, 2003.   Woods entered a not guilty plea and the trial court appointed counsel.

**{¶ 3}**   Woods's counsel submitted a written demand for discovery, and the state provided discovery that apparently included records that indicated that the alleged victim had (1)

---

[1]   Although the state initially represented to the trial court at the bond and arraignment hearings that the criminal case involved two victims, the bill of particulars and subsequent filings referred to only one victim.   (*Compare* OP33, p. 3,

been diagnosed with schizophrenia and bipolar disorder, (2) was taking certain psychotropic medication, (3) was a heroin addict and had been in one or more drug-rehabilitation programs, and (4) had been hypnotized shortly before her memories of the alleged crimes surfaced. Woods filed a motion to compel discovery and, pursuant to Crim.R. 16 and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requested that the state provide any and all of the alleged victim's medical and psychological records.

**{¶ 4}** In September 2012, the trial court held a hearing to consider the motion to compel discovery and ordered the parties to submit written memoranda to support their positions. On January 14, 2013, the trial court concluded that the requested medical and psychiatric records may provide evidence favorable to Woods that would be material to guilt or punishment, but that the parties had not provided sufficient evidence to make that determination. The court therefore ordered that the state provide the medical and psychiatric records that are in the possession of, or reasonably available to the victim or the state, under seal for the court's in camera review. (*Id.*) The state did not appeal the court's decision and entry.

**{¶ 5}** After the state failed to comply with the trial court's order, the court held a hearing. The state attempted to serve a subpoena on the alleged victim to appear at the hearing, but she did not appear. The state claimed that it believed that she no longer lived at the address given because of a domestic dispute with her husband and that her husband refused to accept any mail on her behalf. The state further claimed that the trial court's order is overbroad.

**{¶ 6}** The state also conceded that it did not comply with the trial court's order to provide the medical and psychiatric records. The state claimed that it did not have these records

and OP34, p. 2 with OP18 and OP35)

and that it had been unable to determine whether the records are available to the victim. It further suggested that one "can only assume that the cost involved in obtaining medical records from your birth to the present would be quite cumbersome." Interestingly, the state did not present any evidence concerning the effort or steps it had taken to comply with the trial court's order to provide the records.

{¶ 7} The state further argued that excluding the victim's testimony is not the least restrictive sanction for a discovery order violation, but suggested only one alternative—"granting a great bit of leeway to defense counsel as far as their cross-examination, even potentially going above and beyond what may or may not be relevant or, you know, being able to get into more specifics, through cross-examination, of some of these medical or psychological conditions of the victim."

{¶ 8} The trial court determined that the state's proposed sanction is not viable because the "right of cross-examination is impeded when they don't know what they're going to cross-examine about because they haven't had an opportunity to look at records that this Court has already determined may be material." Thus, the trial court concluded that the only appropriate sanction under these circumstances is the exclusion of the alleged victim's testimony. The court noted that it saw "no lesser remedy," but nevertheless decided to give the state another 30 days to comply with its order.

{¶ 9} On May 15, 2013, the trial court concluded that the state failed to comply with its January 14, 2013 order to provide to the court for in camera inspection the victim's medical and psychiatric records that are in the possession of, or reasonably available to, the victim or the state and granted the state an extension until June 10, 2013 to provide the records. The trial court

further noted, as it had stated at the hearing, that if the state did not provide the records, "the only sanction available as a result of the State's failure to comply is the exclusion of the victim as a witness at trial." Again, the state did not appeal this order.

{¶ 10} After the specified date passed without the state providing the records, the trial court issued an entry and stated that the victim would not testify as a witness.

{¶ 11} The state filed a notice of appeal and a motion for leave to appeal from the trial court's entries. In November 2013, this court granted the state's motion for leave to appeal the trial court's June 14, 2013 entry, but denied its motion for leave to appeal the January 14 and May 15, 2013 entries because the motion was not timely filed for those entries.

LAW AND ANALYSIS

{¶ 12} In its sole assignment of error, the state asserts that the trial court erred by excluding the alleged victim's testimony due to the state's failure to provide the court with the victim's medical and psychiatric records. The state contends that the court did not choose the least restrictive sanction available.

{¶ 13} Crim.R. 16(B)(3) requires the state, upon written demand, to provide discovery of "[a]ny evidence favorable to the defendant and material to guilt or punishment." Favorable evidence discoverable under *Brady*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, encompasses both exculpatory and impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 338. "A defect of capacity, ability, or opportunity to observe, remember, or relate may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." Evid.R. 616(B); *State v. Adams*, 4th Dist. Scioto Nos. 04CA2959 and 05CA2986,

2009-Ohio-6491, ¶ 41.   Because the evidence in the case sub judice that the state disclosed to Woods in discovery indicated that the victim's mental capacity was at issue, the trial court ordered the state submit to the court under seal the victim's medical and psychiatric records that are in the possession of, or reasonably available to, the victim or the state for the court to determine whether they should be disclosed to Woods.   As the trial court observed, comparable trial court orders for in camera review of medical records of an alleged minor victim of sexual offenses have been issued.   *See State v. Donnal*, 3d Dist. Allen No. 1-06-31, 2007-Ohio-1632, ¶ 6.

{¶ 14}   When the state initially failed to comply with the order, the trial court conducted a hearing and issued another order specifying that the state must submit the records by June 10, 2013 or face the sanction of the exclusion of the alleged victim as a witness at trial.   When the state again failed to comply with the court's order, the court imposed the sanction.

{¶ 15}   Under Crim.R. 16(L)(1), "[i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such order as it deems just under the circumstances."   A trial court has broad discretion to determine the appropriate sanction for a discovery sanction, and a trial court's decision will not be reversed absent an abuse of that discretion.   *See State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, 898 N.E.2d 952, ¶ 27; *State v. Bennington*, 4th Dist. Adams No. 12CA956, 2013-Ohio-3772, ¶ 28 ("The control of discovery and sanctions for violations of that process are generally left to the discretion of the trial court").   "A trial court

abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary."

*State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 16} The state contends that the trial court abused its discretion by excluding the

alleged victim from testifying because that penalty is not the least severe sanction consistent with

the purpose of the rules of discovery.   In support of its argument, the state cites a solitary

case—*Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987).   In *Lakewood*, the

defendant committed a discovery violation by failing to provide his witness list.   As a sanction,

the trial court excluded the testimony of all the defendant's witnesses.   *Id.* at 2.   The Supreme

Court held that the sanction denied the defendant his Sixth Amendment right to present a defense

and that a trial court must inquire into the circumstances surrounding a discovery violation,

balance the competing interests, and impose the least severe sanction consistent with the purpose

of discovery.   *Id.* at 4-5.

{¶ 17} Courts of appeals reached conflicting decisions on whether *Lakewood* also applied

to a state's discovery violation in a criminal case rather than a defendant's violation.   *Lakewood*

at ¶ 23-25.[2]   In *Darmond*, at the syllabus, the Supreme Court resolved the conflict by specifying

that "[t]he holding in *Lakewood* * * * that '[a] trial court must inquire into the circumstances

surrounding a discovery rule violation and, when deciding whether to impose a sanction, must

impose the least severe sanction that is consistent with the purpose of the rules of discovery,

applies equally to discovery violations committed by the state and to discovery violations

---

[2]   Insofar as Woods cites *State v. Crespo*, 7th Dist. Mahoning No. 03 MA 11, 2004-Ohio-1576, and *State v. Kaspar*, 6th Dist. Lucas No. L-09-1046, 2009-Ohio-5502, on appeal, we note that *Darmond* abrogated the holding in *Crespo* and implicitly also overruled *Kaspar*, which relied on *Crespo*, insofar as these cases held that *Lakewood* did not apply to a violation of criminal discovery rules by the state.

committed by a criminal defendant." The court reasoned that "Crim.R. 16's emphasis on equal and reciprocal treatment of parties clarifies that the strong preference expressed in *Lakewood* for imposing the least severe sanction that will further purposes of the discovery rules is a critical consideration that must be taken into account in any criminal case before a severe sanction is imposed for a discovery violation." *Id.* at ¶ 31.

{¶ 18} In *Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, at ¶ 35, citing *State v. Parson*, 6 Ohio St.3d 442, 453 N.E.2d 689 (1983), syllabus, the Supreme Court emphasized the three factors that should govern a trial court's exercise of discretion in imposing a sanction for a prosecution's discovery violation are (1) whether the failure to disclose was a willful violation of Crim.R. 16, (2) whether foreknowledge of the undisclosed material would have benefitted the accused in the preparation of a defense, and (3) whether the accused was prejudiced.

{¶ 19} Notwithstanding the state's contentions on appeal, the record in the case at bar supports the conclusion that the trial court appropriately exercised its discretion to impose the least severe sanction for the state's violation of the discovery order. First, although the record is unclear whether the state's noncompliance with the discovery order was a willful violation (and Woods does not claim that it was willful on appeal), the record reveals that the state had two opportunities—spanning a period of nearly five months—to comply with the trial court's order.

{¶ 20} Second, the trial court issued the discovery order to determine in an in camera inspection whether Woods is entitled to the disclosure of favorable and material evidence to impeach the alleged victim. By not complying with the trial court's order, the state prevented

the trial court from determining whether the undisclosed material would have benefitted Woods in his defense and whether its nondisclosure would prejudice him. Were the court to hold otherwise, an order for an in camera inspection to determine whether requested evidence should be disclosed would never be followed. The Supreme Court could not have intended the state to participate in this gamesmanship when it promulgated Crim.R. 16.

{¶ 21} Third, when the trial court first learned of the state's noncompliance with its January 14, 2013 discovery order, the court did not immediately impose the sanction. Instead, it gave the state a continuance to comply with the order. It was only after the state again failed to comply with the order that the trial court imposed the sanction. *See State v. Cooper*, 5th Dist. Delaware No. 90-CA-47, 1991 WL 87132 (May 20, 1991), and *State v. Mahaffey*, 5th Dist. Delaware No. 90-CA-48, 1991 WL 123587 (June 27, 1991) (affirming the trial court's dismissal of criminal charges when the state failed to provide discovery, after the court noted the sanction if the state failed to comply, and the state failed to move for a continuance).

{¶ 22} Fourth, the state failed to timely appeal either (1) the discovery order, or (2) the entry finding that the state had failed to comply with the order, granted a continuance, and indicated that if the records were not submitted, the alleged victim would not testify. *See State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 13, citing *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994) (although discovery orders are generally not final and appealable, an exception to this general rule is the state's right under R.C. 2945.67 to appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case). The propriety of these entries is thus not before this court, and we presume their validity.

{¶ 23} Fifth, notwithstanding the state's argument to the contrary, the record establishes that the trial court did determine that the sanction is the least severe sanction consistent with the purpose of the discovery rules. At the May 10, 2013 hearing on the motion to compel discovery, the trial court considered the state's suggestion of a "less restrictive sanction" to permit defense counsel broader cross-examination of the alleged victim, but rejected it after it concluded that the defense's right of cross-examination would be impeded because it did not have the opportunity to examine at the records that had been ordered to be submitted for an in camera inspection.

{¶ 24} On appeal, the state does not suggest a different, lesser remedy; instead, it argues that the discovery order is improper, i.e., that "the victim should have never been in a position to be forced to turn over the [records] to the defendant." However, the trial court did not order that the records be disclosed to the defendant. Rather, it ordered that the records be submitted to the trial court for its an camera inspection. And as mentioned previously, the state cannot challenge the January 14, 2013 discovery order because it did not timely appeal the order.

{¶ 25} The trial court specifically found that it could "see no lesser remedy" than not allowing the alleged victim to testify. Even then, however, it sua sponte granted a continuance for the state to comply with the order or face that sanction. The overall objective of the criminal rules is to eliminate gamesmanship from a trial. *Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 19. Here, the trial court's order is consistent with that objective.

{¶ 26} Finally, the state is incorrect when it argues that *Lakewood* requires a reversal of the trial court's decision to exclude the alleged victim's testimony or a comparable sanction of dismissing the criminal charges. As the Supreme Court emphasized in *Lakewood*, "the foregoing balancing test should not be construed to mean that the exclusion of testimony or

evidence is never a permissible sanction in a criminal case."  *Id.*, 32 Ohio St.3d at 5, 511 N.E.2d 1138; *see also Darmond* at ¶ 41 ("We emphasize that we do not hold that a discovery violation committed by the state can *never* result in the dismissal with prejudice of a criminal case.   That option remains available when a trial court, after considering the factors set forth in *Parson* and *Lakewood*, determines that a lesser sanction would not be consistent with the purposes of the criminal discovery rules" [emphasis sic]).

{¶ 27}  Therefore, for all of the foregoing reasons, the trial court did not act in an unreasonable, unconscionable, or arbitrary manner by excluding the alleged victim's testimony when the state repeatedly failed to comply with the discovery order despite having ample time to do so.   Therefore, we hereby overrule the state's sole assignment of error.

{¶ 28}  Having overruled the state's assignment of error, we therefore affirm the trial court's judgment.

                                                                JUDGMENT AFFIRMED.

[Cite as *State v. Woods*, 2014-Ohio-4429.]

JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & O[inion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.