[Cite as *State ex rel. S.L. v. Rucker*, 2020-Ohio-584.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. S.L., | : | CASE NO. C-190248 |
| Relator, | : | |
| vs. | : | *O P I N I O N.* |
| JUDGE, MUNICIPAL COURT, HAMILTON COUNTY, OHIO, | : | |
| Respondent. | : | |

Original Action in Prohibition

Judgment of the Court Is:  Writ of Prohibition Granted

Date of Judgment Entry:  February 21, 2020

*Ohio Crime Victim Justice Center* and *Morgan Keilholz*, for Relator,

*Stagnaro Hannigan Koop, Co., LPA*, and *Michaela M. Stagnaro,* for Respondent.

**WINKLER, Judge.**

{¶1} This is an original action filed pursuant to Article I, Section 10a of the Ohio Constitution, also known as Marsy's Law, which allows crime victims to petition a court of appeals during the pendency of a criminal case. Relator S.L. is the alleged victim in a domestic-violence prosecution in Hamilton County Municipal Court. S.L. filed this petition for a writ of prohibition seeking an order from this court restraining respondent, former Judge Fanon Rucker, from enforcing an order that would allow the defendant and his counsel to access S.L.'s residence. Because we determine that former Judge Rucker lacked authority to issue the order, and S.L. has no adequate remedy at law, we grant the writ of prohibition.

## The Underlying Case

{¶2} This dispute began in an underlying criminal case in municipal court. The criminal defendant, Robert Tepe, filed a "motion to compel" seeking access to S.L.'s residence where the domestic violence allegedly took place for the purpose of preparing his defense. Although S.L. and Tepe jointly own the residence, S.L. had received a civil-protection order from the domestic-relations court, and the protection order gave S.L. exclusive possession of the home. Over S.L.'s objections, former Judge Rucker granted Tepe's motion to compel and entered an order allowing Tepe and his counsel to have access to S.L.'s home for one hour, with police escort, for the purpose of taking photographs.

{¶3} S.L. filed the instant petition for a writ of prohibition in this court seeking to prevent Judge Rucker from enforcing his order. S.L. filed the petition for the writ pursuant to Marsy's Law. Marsy's Law is an amendment to the Ohio Constitution that expands the rights afforded to victims of crimes, and specifically

provides that a victim shall be treated with fairness and respect for the victim's privacy, and that a victim can refuse a discovery request. Ohio Constitution, Article I, Section 10a(A)(1) and Section 10a(A)(6). Under Marsy's Law, the victim also has the right to "petition" a court of appeals if the victim's rights are "implicated" in a criminal proceeding. *Id.* at Section 10a(B). Along with the petition for the writ, S.L. filed an emergency motion to stay the criminal proceedings pending appeal, which this court granted.

{¶4} Shortly after S.L. filed her writ petition and motion to stay, Judge Rucker recused himself from the underlying criminal case. The parties here filed an agreed statement of facts, and both parties filed motions for summary judgment. After the parties filed their summary-judgment motions, the civil-protection order issued by the domestic-relations court expired. This court requested supplemental briefing from the parties on the issue of whether the underlying dispute over access to the residence was moot. Upon review of the parties' memoranda, we believe the matter is not moot, and even if it is, the matter is capable of repetition, yet evading review. *See State ex rel. Dispatch Printing Co. v. Geer*, 114 Ohio St.3d 511, 2007-Ohio-4643, 873 N.E.2d 314, ¶ 10.

{¶5} Therefore, we address the merits of S.L.'s petition.

### Writ of Prohibition

{¶6} A relator must show the following three elements to obtain a writ of prohibition against a judge: (1) the exercise of judicial power, (2) the lack of authority for the exercise of that power, and (3) the lack of an adequate remedy at law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. We will discuss each element in turn.

**Exercise of Judicial Power**

{¶7} Although former Judge Rucker unquestionably exercised judicial power in entering an order in the underlying criminal case, he now argues that he is no longer exercising judicial power, because he recused himself from the underlying criminal case. S.L. does not dispute that former Judge Rucker is no longer exercising judicial power, but she argues that this court should substitute a reassigned judge as respondent. Civ.R. 25(D)(1) provides:

> When a public officer is a party to an action in the public officer's official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the public officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

{¶8} Other courts have substituted a reassigned judge for a recused judge in extraordinary-writ cases. *See Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490; *State ex rel. Lisboa v. Galvin*, 8th Dist. Cuyahoga No. 92525, 2009-Ohio-969.

{¶9} Applying Civ.R. 25(D)(1) to this case, S.L.'s action should not abate merely because former Judge Rucker recused himself from the underlying criminal matter, and we will automatically substitute the reassigned judge.

4

**Lack of Authority**

{**¶10**}  Next, S.L. must show that former Judge Rucker lacked authority to enter the order.  A writ of prohibition will not lie against a trial court unless its exercise of power is unauthorized by law.  *Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, at ¶ 13.

{**¶11**}  S.L. argues that a trial judge has no authority to issue an order requiring a nonparty in a criminal case to permit inspection of a private residence during the course of discovery.  Although no Ohio Supreme Court case appears directly on point, S.L. cites to a Supreme Court of Colorado case, *People in Interest of E.G.*, 2016 CO 19, 368 P.3d 946 (Colo.2016).

{**¶12**}  In *E.G.*, a juvenile had been charged with the sexual assault of his cousins, and the cousins had alleged that the crimes occurred in their mutual grandmother's home.  During the course of discovery, E.G. moved the court for an order allowing defense counsel and an investigator to access his grandmother's residence for the purpose of taking photographs.  The trial court denied E.G.'s request, and E.G. was found guilty after a trial.  On appeal, E.G. challenged the denial of his pretrial motion to photograph his grandmother's home.  The court of appeals affirmed the denial of the motion, and E.G. appealed to the Supreme Court of Colorado.

{**¶13**}  The Colorado Supreme Court in *E.G.* reasoned that its criminal rules do not provide a trial court with the authority to allow defense access to a private home.  The court further reasoned that a defendant has no constitutional right to use the trial court's powers to conduct an investigation of a nonparty's home.  Therefore, the court affirmed the denial of the juvenile's pretrial motion to access his

5

grandmother's residence. *See also State ex rel. Beach v. Norblad*, 308 Or. 429, 781 P.2d 349 (1989) (holding in a writ action that a trial judge had no authority to issue an order during discovery in a criminal case forcing the victim to provide access to her home).

{¶14} Former Judge Rucker argues that the authority to issue the order originates in Crim.R. 16, and specifically Crim.R. 16(L)(1), which provides:

> The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

{¶15} Crim.R. 16(L)(1) cannot be read out of context from the rest of the rule. Crim.R. 16(A) provides

> **(A) Purpose, Scope and Reciprocity.** This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large. All duties and remedies are subject to a standard of due diligence, apply to the defense and the prosecution equally, and are intended to be reciprocal. Once discovery

6

is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures.

{¶16} Crim.R. 16 by its plain language applies to parties, i.e., the state and the defendant, and it does not apply to discovery of information in the possession of a nonparty. Therefore, we reject former Judge Rucker's contention that his authority to issue an order requiring a nonparty to open her home to inspection stems from Crim.R. 16.

{¶17} Former Judge Rucker also argues that the Ohio Supreme Court has recognized that a trial court has broad discretion in regulating discovery. *See State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138. The Eighth District Court of Appeals recently decided that a trial court's discretion in regulating discovery authorized a judge to order inspection of a nonparty's private residence by a criminal defendant's counsel and investigators, and the court refused to grant a writ of prohibition. *See State ex rel. Thomas v. McGinty*, 2019-Ohio-5129, 137 N.E.3d 1278 (8th Dist.). The *McGinty* court acknowledged that the criminal rules do not provide authority for the trial court to order inspection of a nonparty's residence in discovery, but reasoned that a trial court has discretion to go beyond the permissible bounds of the criminal rules.

{¶18} The *Myers* case relied upon by former Judge Rucker and the discovery cases relied upon by the *McGinty* court deal with a trial court's discretion under Crim.R. 16 to regulate discovery of information between parties. *See Myers* at ¶ 87; *McGinty* at ¶ 26, citing *State ex rel. Corrigan v. Griffin*, 14 Ohio St.3d 26, 470 N.E.2d 894 (1984); *State ex rel. Lighttiser v. Spahr*, 18 Ohio St.3d 234, 480 N.E.2d

7

779 (1985); *State v. Landrum*, 53 Ohio St.3d 107, 559 N.E.2d 710 (1990); *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224.

{¶19} We are not persuaded by the reasoning in *McGinty*. The Ohio Supreme Court has never recognized that a trial court's discretion in regulating discovery between the parties under Crim.R. 16 extends to permit a trial court to force a nonparty to open her private residence to a criminal defendant. Nor has the Ohio Supreme Court held that a defendant has a constitutional right to access a nonparty's home for purposes of preparing a defense. Instead, we are persuaded by the reasoning of the Colorado Supreme Court in *E.G.*

{¶20} Nothing in the Ohio Rules of Criminal Procedure, the Ohio Constitution, or the United States Constitution authorizes a trial court to force a nonparty to allow a criminal defendant to access the nonparty's private residence. Therefore, we determine that the trial court lacked authority to enter an order compelling S.L. to permit the defendant and his counsel access to her private residence for the purpose of taking photographs.

{¶21} Because we determine that the trial court lacked authority to enter the order, we need not decide the other issues raised by S.L.'s petition as to whether the order at issue violates S.L.'s constitutional rights as a victim under Marsy's Law, or whether S.L.'s right to privacy as a victim is paramount to a defendant's rights to due process and a fair trial.

### Adequate Remedy at Law

{¶22} Ordinarily, for an extraordinary writ to issue, a petitioner must show that no other adequate remedy at law exists. *Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, at ¶ 13.

8

{¶23} In *McGinty*, the Eighth Appellate District concluded that a victim in a criminal case has an adequate remedy at law to challenge a trial-court order requiring the victim to allow the criminal defendant's counsel and investigators to access her home, because the victim can appeal from a contempt order. *McGinty*, 2019-Ohio-5129, 137 N.E.3d 1278, at ¶ 43, citing *Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224. We do not find that a victim's appeal from a contempt finding is an adequate remedy. A crime victim should not be required to disobey a court order and face a contempt charge with a risk of jail time in order to preserve her legal rights. Moreover, a victim is not a party to a criminal matter, and Marsy's Law specifically authorizes a victim to petition a court of appeals when the victim's requested relief is denied in an underlying criminal proceeding. *See* Ohio Constitution, Article I, Section 10a(B).

{¶24} Therefore, we conclude that S.L. has no other adequate remedy at law.

## Conclusion

{¶25} We grant S.L.'s petition for a writ of prohibition restraining respondent municipal-court judge from compelling S.L. to allow Tepe or his agent access to her home.

Writ of prohibition granted.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.